**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2860-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT T. TODD,

     Defendant-Appellant.

_____

          Submitted September 24, 2018 – Decided October 16, 2018

          Before Judges Messano and Fasciale.

          On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 14-05-0578.

          Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

          Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After the State rested its case at trial, defendant Robert T. Todd pled guilty to the single count of a Burlington County indictment charging him with burglary, N.J.S.A. 2C:18-2. The State agreed to dismiss two other open charges against defendant. The trial judge, Philip E. Haines, indicated he would sentence defendant, who was eligible for an extended term, to a five-year term of imprisonment with an eighteen-month period of parole ineligibility, and left open the possibility that defendant could move for a change of sentence pursuant to Rule 3:21-10(b)(1) after completing the period of parole ineligibility.[1] Judge Haines imposed sentence in accordance with his prior representation. We affirmed defendant's sentence on appeal, which we heard on our Excessive

---

[1] The plea was entered pursuant to Rule 3:9-3(c), which permits

> [t]he court . . . [to] indicate to the prosecutor and defense counsel . . . if no tentative agreement has been reached and with the consent of both counsel, the maximum sentence it would impose in the event the defendant enters a plea of guilty, assuming . . . the information in the presentence report at the time of sentence is as has been represented to the court at the time of the disclosure and supports its determination that the interests of justice would be served thereby.

Rule 3:21-10(b)(1) permits a defendant to file a motion at any time to "chang[e] a custodial sentence to permit entry . . . into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse."

2

Sentence Oral Argument calendar. State v. Todd, No. A-4155-14 (App. Div. Sept. 28, 2015).

Defendant filed a timely petition for post-conviction relief (PCR) alleging trial counsel provided ineffective assistance. In particular, defendant claimed he rejected an earlier, more lenient plea offer because counsel misinformed defendant that he was a viable candidate for Drug Court, even though defendant was statutorily ineligible. Defendant also asserted that trial counsel failed to preserve defendant's ability to appeal Judge Haines's pre-trial decision denying defendant's motion to suppress statements made to law enforcement. See, e.g., State v. Knight, 183 N.J. 449, 470 (2005) ("Generally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." (citation omitted)). Judge Haines ordered an evidentiary hearing on the PCR petition at which defendant and trial counsel testified.

In a comprehensive written decision, Judge Haines meticulously reviewed the transcripts of several pre-trial conferences held before Judge Jeanne T. Covert, then presiding judge of the Criminal Division. He noted Judge Covert advised defendant that it was unlikely his application to Drug Court would be accepted given defendant's prior criminal history, and that he was eligible for an

extended term of imprisonment if convicted. Judge Haines reviewed the transcripts of defendant's guilty plea, noting defendant's acknowledgment under oath of his satisfaction with counsel's services.

Regarding the testimony at the PCR hearing, Judge Haines determined trial counsel was credible and gave his testimony "substantial weight." The judge specifically found defendant "was not credible." Judge Haines concluded defendant was aware he was eligible for an extended term of imprisonment, and that the State would escalate its plea offer from the original offer of a three-year term with one year of parole ineligibility as the case moved forward. The judge also concluded that trial counsel told defendant he was ineligible for Drug Court because of a prior conviction for aggravated assault, "but that [d]efendant was insistent on applying for [D]rug [C]ourt in spite of that advice." Judge Haines also found that defendant knew he was waiving his right to appeal when he pled guilty.

Citing the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), Judge Haines concluded defendant failed to present a prima facie case that trial counsel rendered deficient performance and denied the PCR petition. This appeal followed.

4

Before us, defendant reiterates his claim that trial counsel provided ineffective assistance by misadvising him about his eligibility for Drug Court and failing to preserve his right to appeal the denial of his motion to suppress statements made to law enforcement. We reject these arguments for the reasons expressed by Judge Haines, adding only the following.

To establish a viable claim of ineffective assistance of counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52). Most importantly, our "standard of review is necessarily deferential to a PCR court's factual findings . . . . [W]e will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013) (citing State v. Harris, 181 N.J. 391, 415 (2004)).

A-2860-16T3

Here, sufficient credible evidence, including the transcripts of prior proceedings, supported Judge Haines's findings. Defendant's arguments lack sufficient merit to warrant any further discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2860-16T3